UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| P & S Printing LLC d/b/a Minuteman Press, *on behalf of himself and all others similarly situated,*<br><br>Plaintiff,<br>v.<br><br>Tubelite, Inc.; and DOES 1-10, inclusive,<br><br>Defendants. | Civil Action No.: 3:14-cv-1441<br><br>CLASS ACTION COMPLAINT<br><br>October 1, 2014 |

For its Class Action Complaint, Plaintiff, P & S Printing LLC d/b/a Minuteman Press, by and through its undersigned counsel, states as follows, pleading on its own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

1. Plaintiff, Plaintiff, P & S Printing LLC d/b/a Minuteman Press ("Plaintiff"), brings this class action for damaged resulting from the illegal actions of Tubelite, Inc. ("Tubelite" or "Defendant"). Defendant sent facsimile advertisements to Plaintiff and the Class without including the required "opt-out" notice, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. *See Mims v. Arrow Fin. Serv., LLC*, 132 S. Ct. 740, 751-53 (2012).

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), because Plaintiff resides within the District of Connecticut, a substantial part of

the events or omissions giving rise to the claim occurred in this District, and Defendant regularly conducts business in this District.

## PARTIES

4. Plaintiff is, and at all times mentioned herein was, a business entity located in Stamford, Connecticut.

5. Tubelite is a company that specializes in eco-efficient storefront, curtain wall and entrance systems.

6. Tubelite is, and al all times mentioned herein was, a Michigan business entity headquartered in Walker, Michigan.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

7. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA regulates, among other things, the sending of advertisements via a telephone facsimile machine.

9. 47 U.S.C. § 227(a)(3) defines a telephone facsimile machine as equipment which has the capacity –

   (A) to transcribe text or images, or both, from paper into an electronic signal and to transmit that signal over a regular telephone line, or

   (B) to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper.

10. Specifically, 47 U.S.C. § 227(b)(1)(C) prohibits the use of any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine, unless there is already an established business relationship.

11. In addition, even when there is an established business relationship, a facsimile advertisement must provide information on the fax that allows recipients to "opt-out" of future faxes.

12. Under the Federal Communications Commission's regulations prescribed to implement 47 U.S.C. § 227(b) the opt-out notice must:

> (A) be clear and conspicuous and on the first page of the advertisement;
>
> (B) state that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a valid opt-out request is unlawful; and
>
> (C) set forth the requirements for a valid opt-out request under paragraph (a)(4)(v).

*See* 47 C.F.R. § 64.1200(a)(4)(iii).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

13. On August 13 2014, Tubelite sent an advertisement to Plaintiff's telephone facsimile machine. A copy of the advertisement is attached hereto as **Exhibit A**.

14. Plaintiff did not provide prior express permission to Tubelite to send advertisements to its telephone facsimile machine.

15. Plaintiff had no established business relationship with Tubelite at the time Tubelite sent the unsolicited advertisement.

16. The advertisement does not state that failure to comply, within 30 days, with a valid opt-out request is unlawful as required by 47 C.F.R. §§ 64.1200(a)(4)(iii)(B). **Exhibit A**.

## CLASS ACTION ALLEGATIONS

A. <u>The Class</u>

17. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated.

18. Plaintiff represents, and is a member of the following class: of two classes:

> All persons or entities in the United States who received a facsimile advertisement that was sent by or on behalf of Defendant in which Defendant's goods or services were promoted substantially similar to the August 13, 2014, advertisement sent to Plaintiff.

18. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several hundreds, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

19. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury or claims related thereto. Plaintiff reserves the right to modify or expand the Class definition to seek recovery on behalf of additional persons as facts are learned through further investigation and discovery.

A. <u>Numerosity</u>

20. Upon information and belief, Defendant has sent facsimile advertisements to hundreds of persons or entities without providing the complete opt-out notices required by the federal regulations. The members of the Class,

therefore, are believed to be so numerous that joinder of all members is impracticable.

21.     The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's facsimile records.

B.  **Common Questions of Law and Fact**

22.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members.  These questions include:

   a. Whether Defendant sent facsimile advertisements without providing the opt-out notices required by 47 C.F.R. § 64.1200(a)(4)(iii).

   b. Whether Defendant's conduct was negligent;

   c. Whether Defendant is liable for damages, and the amount of such damages; and

   d. Whether Defendant should be enjoined from such conduct in the future.

23.     The common questions in this case are capable of having common answers.  If Plaintiff's claim that Defendant routinely sends facsimile advertisements without providing the opt-out notices required by 47 C.F.R. § 64.1200(a)(4)(iii) is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

C. <u>Typicality</u>

24.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

D. <u>Protecting the Interests of the Class Members</u>

25.     Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor its counsel has any interests which might cause them not to vigorously pursue this action.

E. <u>Proceeding Via Class Action is Superior and Advisable</u>

26.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of Class members in individually controlling the prosecutions of separate claims against USI is small because it is not economically feasible for Class members to bring individual actions.

27.     Management of this class action is unlikely to present any difficulties.  Several courts have certified classes in TCPA actions.  These cases include, but are not limited to: *C-Mart, Inc. v. Metro. Life Ins. Co.*, 13-80561-CIV, 2014 WL 457580 (S.D. Fla., Feb. 4, 2014); *Mitchem v. Ill. Collection Serv.*, 271 F.R.D. 617 (N.D. Ill. 2011); *Sadowski v. Med1 Online, LLC*, 2008 WL 2224892 (N.D. Ill., May 27, 2008); *CE Design Ltd. V. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D. Ill. 2009); *Lo v. Oxnard European Motors, LLC*, 2012 WL 1932283 (S.D. Cal., May 29, 2012).

**COUNT I**
**<u>Violations of the Telephone Consumer Protection Act,</u>**
**<u>47 U.S.C. § 227, *et seq.*</u>**

28.     Plaintiff repeats and realleges the above paragraphs of this

Complaint and incorporates them herein by reference.

29. Defendant sent facsimile advertisements that did not provide the complete opt-out notices required by 47 C.F.R. § 64.1200(a)(4)(iii) to Plaintiff and the other members of the Class.

30. Each of the aforementioned facsimile transmissions by Defendant constitutes a violation of the TCPA.

31. As a result of Defendant's negligent violations of the TCPA, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each facsimile in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and treble damages for intentional acts in violation of the statute.

32. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;
2. Statutory damages of $500.00 for each and every facsimile in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);
3. Treble damages;
4. An award of attorneys' fees and costs; and
5. Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

**Dated: October 1, 2014**

**Respectfully submitted,**

**By   /s/ Sergei Lemberg**

**Sergei Lemberg, Esq.**
**LEMBERG & LAW L.L.C.**
**1100 Summer Street, 3rd Floor**
**Stamford, CT 06905**
**Telephone: (203) 653-2250**
**Facsimile:   (203) 653-3424**
**Attorney for Plaintiff**